# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

JANSSEN PRODUCTS, L.P. and PHARMA MAR, S.A.,

    Plaintiffs,

v.

EVER VALINJECT GMBH and NEXUS PHARMACEUTICALS, LLC,

    Defendants.

Case No. 1:26-mc-00031

(Arising from Case No. 1:24-cv-07319 in the United States District Court for the Northern District of Illinois)

**CONFIDENTIAL**

# [REDACTED] MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

**TABLE OF CONTENTS**

Page

I. FACTUAL BACKGROUND ............................................................................... 1
II. LEGAL STANDARD .......................................................................................... 4
III. ARGUMENT ........................................................................................................ 5
    A. Dr. Gole's Testimony Would Be Duplicative and Irrelevant ................... 6
    B. Dr. Gole Is A Non-Party On Whom This Discovery Creates An
        Undue Burden ............................................................................................ 9
IV. CONCLUSION .................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re 650 Fifth Ave. & Related Props.*,
No. 08 Civ. 10934, 2013 WL 12335763 (S.D.N.Y. Aug. 29, 2013) ............................ 9

*Am. Roller Co., LLC v. Foster-Adams Leasing, LLP*,
No. 05 C 3014, 2006 WL 1371441 (N.D. Ill. May 16, 2006) ...................................... 4

*Ameritox, Ltd. v. Millennium Labs, Inc.*,
No. 12-cv-7493, 2012 WL 6568226 (N.D. Ill. 2012) ..................................................... 8

*Apex Oil Co. v. Di Mauro*,
11 F.R.D. 100 (S.D.N.Y 2004) ................................................................................. 4

*Bamonte v. Charatan*,
No. 22 Civ. 0795, 2023 WL 4201416 (S.D.N.Y. June 27, 2023) ................................ 7

*Bey v. City of New York*,
No. 99 Civ. 3873, 2007 WL 3010023 (S.D.N.Y Oct. 15, 2007) .................................. 4

*Calhoun v. City of Chicago*,
273 F.R.D. 421 (N.D. Ill. 2011) ................................................................................ 4

*Fears v. Wilhelmina Model Agency, Inc.*,
No. 02 Civ. 4911, 2004 WL 719185 (S.D.N.Y. April 1, 2004) ................................ 10

*In re Fosamax Liability Litig.*,
No. No. 1:06–MD–1789 (JFK)(JCF), 2009 WL 2395899 (S.D.N.Y. Aug. 4, 2009) ................................................................................................................ 8

*Heraeus Kulzer, GmbH v. Biomet, Inc.*,
881 F.3d 550 (7th Cir. 2018) ..................................................................................... 4

*In re Initial Public Offering Securities Litig.*,
220 F.R.D. 30 (S.D.N.Y. 2003) ................................................................................ 4

*Papst Licensing GmbH & Co. KG v. Apple, Inc.*,
No. 17 C 1853, 2017 WL 1233047 (N.D. Ill. Apr. 4, 2017) .................................... 10

*Rossman v. EN Engineering, LLC*,
    467 F. Supp. 3d 586 (N.D. Ill. 2020) .......................................................................... 8, 9

*Signal Fin. Holdings, v. Looking Glass Financial, LLC*,
    No. 17 C 8816, 2021 WL 4935162 (N.D. Ill. June 10, 2021) ....................................... 8

*U.S. v. Amerigroup Illinois, Inc.*,
    No. 02 C 6074, 2005 WL 3111972 (N.D. Ill. Nov. 21, 2005) ................................... 10

**Other Authorities**

Fed. R. Civ. P. 26 ......................................................................................................... 4, 8

Pursuant to Federal Rule of Civil Procedure 26(c), Janssen Products, L.P. and Pharma Mar, S.A. (collectively, "Plaintiffs") respectfully move this Court for a protective order precluding or limiting the deposition of third-party Dr. Dilip Gole pursuant to a Rule 45 subpoena. In the underlying action, Defendants EVER Valinject GmbH and Nexus Pharmaceuticals LLC (collectively "EVER/Nexus") served a subpoena seeking documents from and the deposition of Dr. Gole related to work done for his former employer over twenty years ago. But Dr. Gole's work at that time has marginal relevance, at best, to the actual issues in the underlying case. And EVER/Nexus have already taken (or had the opportunity to take) ample discovery on issues that are relevant. Furthermore, Dr. Gole is ████████████████████████ ██████ In these circumstances, a deposition would impose unnecessary extraordinary personal hardship and undue burden.

## I.   FACTUAL BACKGROUND

This dispute arises in a related, pending Hatch Waxman case. *See Janssen Prods., L.P. et al v. EVER Valinject GmbH et a*, No. 1:24-cv-07319 (N.D. Ill.) (the "Patent Case").[1] Plaintiffs developed and market a highly successful FDA-approved drug product, Yondelis® (trabectedin 1 mg/vial). Yondelis® provides meaningful clinical benefit as a second-line treatment option for patients with unresectable and metastatic

---

[1] Plaintiffs are filing a stipulated request to transfer this motion to the Northern District of Illinois as the more appropriate forum. The Patent Case is currently before that Court, Dr. Gole and Plaintiffs consent to transfer, and EVER/Nexus do not oppose.

1

liposarcomas or leiomyosarcomas (types of soft tissue sarcomas) after failure of conventional therapy. EVER/Nexus, together with others (collectively, "Patent Defendants"), submitted New Drug Application No. 219617 seeking FDA approval to market a version of Plaintiffs' Yondelis® drug product (the "NDA Product") prior to expiration of U.S. Patent No. 8,895,557 (the "557 Patent"). The 557 Patent is directed to formulations containing trabectedin, the active ingredient in Yondelis® and the NDA Product. Plaintiffs assert that Patent Defendants infringe the 557 Patent under the doctrine of equivalents.

Fact discovery is now closed in the Patent Case. During discovery, EVER/Nexus noticed and took the deposition of Dr. Pilar Calvo—a named inventor of the 557 Patent and the 30(b)(6) designee for Janssen and Pharma Mar on a myriad of topics, including the research and development leading to the inventions in the asserted claims of the 557 Patent, for which the Yondelis® formulation is the preferred embodiment. EVER/Nexus also deposed Dr. Carmen Cuevas, Pharma Mar's director of research and development. And they subpoenaed and deposed Dr. Yinka Williams. Dr. Williams, now retired, was the Yondelis® project leader at Janssen, a subsidiary of Johnson & Johnson.[2]

During discovery, EVER/Nexus served a Rule 45 third-party subpoena on Dr. Gole, seeking documents and a deposition. *See* Ex. 1. Dr. Gole timely served objections.

---

[2] Johnson & Johnson is the parent company of Janssen.

In those objections, Dr. Gole explained that he did not have any responsive documents in his possession, custody, or control. At the same time, counsel notified EVER/Nexus that Dr. Gole was in the midst of a family medical crisis—████████████ ████████████████████████████████████████████████████ Ex. 2, Gole Decl., ¶ 4. ████████████████████████████████████████████████████ ████████████████████████████████████████████ Ex. 2, ¶ 5. Plaintiffs made clear that this situation was not likely to be resolved by the end of fact discovery, and requested that EVER/Nexus forego Dr. Gole's deposition under these extraordinary circumstances. EVER/Nexus are now pressing for Dr. Gole's deposition.

Dr. Gole is neither a party to the Patent Case nor an inventor of the 557 Patent; he is a retired third party whose responsibilities—over twenty years ago—included working on the optimization and commercial-scale manufacturing of Yondelis® (among other products) at Janssen. Ex. 2, ¶¶ 2-3. Dr. Gole's work on Yondelis® was done in collaboration with other scientists at Janssen and Pharma Mar as part of a joint collaboration between the two companies. *Id.*, ¶ 2. In light of other discovery obtained by EVER/Nexus, Dr. Gole's testimony is duplicative and unnecessary.

Dr. Gole's personal circumstances have recently changed—█████████ █████████. Ex. 2, ¶ 4. Plaintiffs informed EVER/Nexus of this on January 8, yet

3

EVER/Nexus still insist on taking the deposition.[3] Not only would Dr. Gole's deposition be either redundant in light of the testimony Defendants have already obtained or irrelevant to the issues at hand, forcing Dr. Gole to sit for a deposition ███████████████████████ would impose a severe and undue burden—precisely the type of hardship the Federal Rules are designed to prevent for non-parties.

Plaintiffs' and EVER/Nexus's counsel have met and conferred extensively by email and videocalls to resolve this dispute, but have been unable to reach agreement. Accordingly, Plaintiffs requests that the Court issue a protective order prohibiting or significantly limiting any deposition of Dr. Gole.

## II. LEGAL STANDARD

Rule 26 authorizes a court "for good cause" to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see Bey v. City of New York*, No. 99 Civ. 3873, 2007 WL 3010023 at *1 (S.D.N.Y Oct. 15, 2007); *Am. Roller Co., LLC v. Foster-Adams Leasing, LLP*, No. 05 C 3014, 2006 WL 1371441, at *1 (N.D. Ill. May 16, 2006) (granting protective order from irrelevant discovery). In analyzing motions for a protective order, courts weigh the need of the party seeking the discovery against any undue hardships created by permitting it. *See In re Initial Public Offering Securities Litig.*, 220

---

[3] EVER/Nexus have offered to limit the deposition to four hours on the record prior to the February 13, 2026 exchange of opening expert reports. But in these circumstances, that is still untenable.

F.R.D. 30, 36 (S.D.N.Y. 2003); *Apex Oil Co. v. Di Mauro*, 11 F.R.D. 100, 106 (S.D.N.Y 2004). District courts have "substantial latitude to fashion protective orders." *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 881 F.3d 550, 565 (7th Cir. 2018) (internal quotation marks omitted). "To determine whether a party has shown good cause, the district court must balance the parties' interests, taking into account the importance of disclosure to the nonmovant and the potential harm to the party seeking the protective order." *Calhoun v. City of Chicago*, 273 F.R.D. 421, 422 (N.D. Ill. 2011).

### III. ARGUMENT

EVER/Nexus's effort to depose non-party Dr. Gole is duplicative of discovery already obtained in the Patent Case, otherwise seeks information not relevant to any claims, and is in any event unduly burdensome. Defendants have already deposed the key scientist involved in development of the novel Yondelis® formulation—Dr. Calvo, an inventor of the 557 Patent. Dr. Calvo was a 30(b)(6) designee of both Janssen and Pharma Mar on topics related to the research and development of the 557 Patent inventions. EVER/Nexus have not explained how Dr. Gole possesses unique information *that is relevant* to the claims at issue in this case. ███████████ ███████████████████████████████████████ Forcing him to prepare for and attend a deposition under these circumstances would impose significant hardship, far outweighing any potential benefit to EVER/Nexus. Plaintiffs respectfully request that the Court issue a protective order prohibiting Dr. Gole's deposition. In the alternative, any deposition of Dr. Gole should be severely limited and scheduled at a time ███

5

███████████████████████████████

### A. Dr. Gole's Testimony Would Be Duplicative and Irrelevant

Defendants have already engaged in extensive discovery regarding the development of the Yondelis® formulation, including the research and analyses that led to the claimed inventions. The key scientist responsible for formulation development and an inventor of the 557 Patent, Dr. Calvo, was deposed. The Yondelis® Project Leader at Janssen (Dr. Williams) was deposed. Plaintiffs have produced countless documents, including the laboratory notebooks of the named inventors, which show the work undertaken leading to the conception of the inventions claimed in the 557 Patent.

EVER/Nexus have not shown that Dr. Gole possesses unique or relevant knowledge regarding the conception or reduction to practice of the formulations claimed in the 557 Patent. Indeed, even according to EVER/Nexus, Dr. Gole's work on Yondelis® was focused on optimization and commercial-scale manufacturing—not conceiving of any claimed formulation. They argue instead that Dr. Gole "has unique personal knowledge regarding the collaboration between Johnson & Johson [sic] and Pharma Mar and he was in charge of optimization and selection of formulations." *See, e.g.*, Ex. 3. As an initial matter, it is unclear how anyone can have *unique* personal knowledge about a *collaboration*. By its very definition, a collaboration involves multiple parties. Here, those parties are Janssen and Pharma Mar, and both Dr. Calvo and Dr. Williams have testified as to that collaboration.

And asserting that Dr. Gole was "in charge of optimization and selection of formulations" is both misleading and uninformative. EVER/Nexus base that assertion on Dr. Calvo's deposition. But Dr. Calvo testified that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 4 (emphasis added). Mannitol formulations are not claimed in the 557 Patent. That aside, that Dr. Gole may have worked on optimizing a *commercial* formulation does not explain how he might possess unique personal knowledge about a *relevant issue* in the Patent Case. Dr. Calvo testified that the formulations claimed in the 557 Patent were developed and tested by her and her named co-inventors. There is no suggestion otherwise by EVER/Nexus.[4] Dr. Calvo further testified in her corporate capacity about the conception of the claimed formulations. There is no suggestion that Dr. Gole partook in this work.

Furthermore, Dr. Williams confirmed that the scope of Janssen's work in the collaboration was focused on addressing issues with ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ There is no need for Dr. Gole to repeat facts unrelated to the infringement or validity issues in the Patent Case.

---

[4] Indeed, EVER/Nexus did not assert a 102(f) defense in their final invalidity contentions.

7

Finally, it bears noting that Dr. Calvo was a 30(b)(6) designee of both Pharma Mar *and Janssen* on topics including the research and development of Yondelis, including any development of a trabectedin formulation containing l-arginine. EVER/Nexus had every opportunity to seek that testimony from a party witness.

Courts routinely quash non-party subpoenas where the information sought is available from party discovery or is duplicative. *See, e.g.*, *Bamonte v. Charatan*, No. 22 Civ. 0795, 2023 WL 4201416, at *5 (S.D.N.Y. June 27, 2023) (granting protective order where subpoena "may result in testimony that is duplicative and cumulative"); *Rossman*, 467 F. Supp. 3d at 590 ("A non-party subpoena seeking information that is readily available from a party through discovery may be quashed as duplicative or cumulative."); *Ameritox, Ltd. v. Millennium Labs, Inc.*, No. 12-cv-7493, 2012 WL 6568226, at *2–3 (N.D. Ill. 2012) *591 (granting a motion to quash nonparty subpoenas "because the requests are cumulative and duplicative of discovery requests made to the party to the litigation"); *Signal Fin. Holdings, v. Looking Glass Financial, LLC*, No. 17 C 8816, 2021 WL 4935162, at *1 (N.D. Ill. June 10, 2021) (discovery requests, including those sought from a third-party subpoena, "may also be limited… if the information could be obtained from another more convenient source or through the discovery process, or the information is cumulative or duplicative of other discovery."). The Federal Rules require discovery to be proportional and prohibit unnecessary or duplicative burdens on non-parties. See Fed. R. Civ. P. 26(b)(2)(C)(i).

Forcing Dr. Gole to testify would violate these principles in light of the

comprehensive discovery already conducted. The central infringement issue in the Patent Case—whether an ingredient in the NDA Product is substantially similar to the disaccharide required by the 557 Patent claims—has already been addressed with Dr. Calvo, an inventor of the patent. *See In re Fosamax Liability Litig.*, No. No. 1:06–MD–1789 (JFK)(JCF), 2009 WL 2395899, at *3 (S.D.N.Y. Aug. 4, 2009) (in measuring a party's need for evidence, courts look to a variety of factors, including "the availability of alternative evidence."). Dr. Gole's involvement was limited to optimization and commercial-scale manufacturing, not conception of the claimed formulations. In these circumstances, Dr. Gole should not be subjected to the burden of preparing for and attending a deposition.

### B. Dr. Gole Is A Non-Party On Whom This Discovery Creates An Undue Burden

Taking into account the nature of the discovery sought, the burden on Dr. Gole to prepare for and attend a deposition ▮▮▮▮▮ far outweighs any potential benefit to EVER/Nexus. ▮▮▮▮▮ Ex. 2, Gole Decl. ¶ 6. ▮▮▮▮▮ *Id.*, ¶ 6. Forcing him to participate in a deposition during this period would impose an overwhelming and undue burden. Special consideration is warranted when a non-party subpoena implicates such sensitive, family circumstances. *See Rossman v. EN Engineering, LLC*, 467 F. Supp. 3d

9

586, 590 (N.D. Ill. 2020) ("Under the Federal Rules of Civil Procedure, the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs.").

Courts consistently recognize that non-party subpoenas are subject to heightened scrutiny and must not impose unnecessary hardship. *See, e.g., In re 650 Fifth Ave. & Related Props.*, No. 08 Civ. 10934, 2013 WL 12335763, at *2 (S.D.N.Y. Aug. 29, 2013) ("courts have held nonparty status to be a 'significant' factor in determining whether discovery is unduly burdensome.") (citation omitted); *U.S. v. Amerigroup Illinois, Inc.*, No. 02 C 6074, 2005 WL 3111972, at *3 (N.D. Ill. Nov. 21, 2005) ("The burden imposed upon a non-party by a subpoena is a factor entitled to special weight in evaluating the balance of competing needs."). In general, third parties are afforded more sympathy in weighing the burden of discovery because they have no personal stake in the litigation. *See Fears v. Wilhelmina Model Agency, Inc.*, No. 02 Civ. 4911, 2004 WL 719185, at *1 (S.D.N.Y. April 1, 2004); *Papst Licensing GmbH & Co. KG v. Apple, Inc.*, No. 17 C 1853, 2017 WL 1233047, at *3 (N.D. Ill. Apr. 4, 2017) ("It is one thing to subject parties to the trials and tribulations of discovery—rightly regarded as 'the bane of modern litigation,'—but a non-party doesn't usually have a horse in the race … Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs.") (citations omitted).

Here, the burden is not insubstantial—it is overwhelming—and EVER/Nexus

cannot demonstrate a compelling need for his non-party testimony. Forcing a grieving non-party to divert his attention from personal and family obligations to participate in duplicative and irrelevant discovery is precisely the type of undue burden the Federal Rules are designed to prevent.

## IV. CONCLUSION

Plaintiffs respectfully request that the Court issue a protective order prohibiting the deposition of Dr. Gole, who has endured months of hardship and the ▊▊▊▊▊▊ ▊▊▊▊▊▊ In the alternative, any deposition of Dr. Gole should be severely limited and scheduled at a time that does not conflict with his mourning and related travel.

Dated: January 21, 2026

Alyssa Caridis (*pro hac vice forthcoming*)
ORRICK, HERRINGTON &
SUTCLIFFE LLP
355 S. Grand Ave., Ste. 2700
Los Angeles, CA 90071
Tel: (213) 612-2372
acaridis@orrick.com

*/s/ Irena Royzman*
Irena Royzman
ORRICK, HERRINGTON &
SUTCLIFFE LLP
51 W. 52nd St.
New York, NY 10019
Tel: (202) 506-3518
iroyzman@orrick.com

*Attorneys for Plaintiffs Janssen Products, L.P. and Pharma Mar, S.A.*

**CERTIFICATE OF WORD COUNT COMPLIANCE**

Pursuant to Local Civil Rule 7.1(c), the foregoing is proportionally spaced and, according to the word processing program with which it was prepared, contains 2,626 words, excluding the case caption, table of contents, table of authorities, signature block, and required certificates.

/s/ *Irena Royzman*
Irena Royzman

*Attorney for Plaintiffs Janssen Products, L.P. and Pharma Mar, S.A.*